IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | | |
|---|---|---|---|
| TRUSTEES OF THE 4TH DISTRICT IBEW HEALTH FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 466; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 466 PENSION PLAN; WEST VIRGINIA-OHIO VALLEY SUPPLEMENTAL HEALTH FUND; NATIONAL ELECTRICAL BENEFIT FUND; and NATIONAL ELECTRICAL ANNUITY PLAN | * * * * * * | CASE NO. JUDGE: | 2:19-cv-00502 |
| Plaintiffs, | * | | |
| v. | * | COMPLAINT | |
| CITY ELECTRIC COMPANY 1219 PENNSYLVANIA AVENUE CHARLESTON, WV 25302 | * * | | |
| Defendant. | * | | |
| | * | | |

**JURISDICTION AND VENUE**

1.     This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et. seq.* Jurisdiction over suits against an employer for failing to make contributions to employee benefit funds as required is conferred upon this Court by ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145. This action also arises under the Labor Management Relations Act of 1947 (LMRA) § 301(a), 29 U.S.C. § 185(a), granting jurisdiction to this Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

2.     Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the cause of action described herein occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia.

## PARTIES

3.      Plaintiffs Trustees of the 4th District IBEW Health Fund ("Health Fund") are the Trustees of a multi-employer benefit plan and employee welfare benefit plan within the meaning of ERISA §3(1), (3), 29 U.S.C. §1002(1), (3). Plaintiffs receive certain fringe benefit contributions from signatory employers for the purpose of providing fringe benefits to covered employees ("Participants").  The Health Fund's principal place of business is located at 3150 U.S. Route 60, Ona, West Virginia 22545.

4.      International Brotherhood of Electrical Workers ("IBEW") Local 466 ("Local 466") is a labor organization under 29 U.S.C. § 152(5), and represents employees who are in an industry "affecting commerce."  See 29 U.S.C. § 152(7).  Local 466's place of business is located at 800 Indiana Avenue, Charleston, West Virginia 25302.

5.      The IBEW Local 466 Pension Fund ("Local 466 Pension Fund") is an employee pension benefit plan as defined in 29 U.S.C. §1002(2) and is administered pursuant to a Trust Agreement.  The Local 466 Pension Fund is authorized to sue in its own name under 29 U.S.C. §1132(d)(1).  The Local 466 Pension Fund is administered in Ona, West Virginia by its Plan Trustees.

6.      The West Virginia-Ohio Valley Supplemental Health Fund ("Supplemental Health Fund") is an employee welfare benefit plan as defined in 29 U.S.C. §1002(1) and is administered pursuant to a Trust Agreement.  The Supplemental Health Fund is authorized to sue in its own name under 29 U.S.C. §1132(d)(1).  The Supplemental Health Fund is administered in Ona, West Virginia by its Plan Trustees.

7.      The National Electrical Benefit Fund ("NEBF") is an employee pension benefit plan as defined in 29 U.S.C. §1002(2) and is administered pursuant to a Trust Agreement.  The NEBF is authorized to sue in its own name under 29 U.S.C. §1132(d)(1).  The NEBF is administered in Rockville, Maryland by its Plan Trustees.

8.      The National Electrical Annuity Plan ("NEAP") is an employee pension benefit plan as defined in 29 U.S.C. §1002(2) and is administered pursuant to a Trust Agreement.  NEAP is authorized to sue in its own name under 29 U.S.C. §1132(d)(1).  NEAP is administered in Rockville, Maryland by its Plan Trustees.

9.      Defendant, City Electric Company ("City"), is a West Virginia corporation that performs worked in the state of West Virginia, with its principal place of business located at 1219 Pennsylvania Avenue, Charleston, WV 25302. At all material times, Defendant has been an employer as defined in the National Labor Relations Act ("NLRA") § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## BACKGROUND

10.      City is a contractor in the electrical industry and is signatory to collective bargaining agreements with multiple local unions of the IBEW.

11.      On or about January 30, 2004, City, acting through its Vice President, executed a Letter of Assent, designating the West Virginia/Ohio Valley Chapter of the National Electrical Contractors Association ("NECA") as its representative for collective bargaining with IBEW Local Union 466 with respect to all current and future inside labor agreements. (Exhibit A-1).

12.      On or about June 1, 2018, NECA and IBEW Local Union 466 entered into an Inside Agreement. (Exhibit A-2). This Inside Agreement required City to make contributions to the Health Fund on behalf of covered employees, and furthermore incorporates by reference the Agreement and Declaration of Trust governing such health fund. (Ex. A-2, Sec. 6.02).  Similar language incorporates the Trust Documents of the other Funds included as Plaintiffs. (Ex. A-2, Secs. 6.01, 6.03 and 6.06).

13.     On or about April 23, 2015, City, acting through its Vice President, executed a Letter of Assent, designating NECA as its representative for collective bargaining with IBEW Local Union 596 with respect to all current and future inside labor agreements. (Exhibit A-3).

14.     On or about June 1, 2018, NECA and IBEW Local Union 596 entered into an Inside Agreement. (Exhibit A-4). The Inside Agreement required City to make contributions to the Health Fund on behalf of covered employees, and furthermore incorporates by reference the Agreement and Declaration of Trust governing such health fund. (Ex. A-4, Sec. 6.02).  Similar language incorporates the Trust Documents of the other Funds included as Plaintiffs. (Ex. A-4, Secs. 6.01 and 6.02).

15.     On or about May 21, 1990, City, acting through its Vice President, executed a Letter of Assent, designating NECA as its representative for collective bargaining with IBEW Local Union 968 with respect to all current and future inside labor agreements. (Exhibit A-5).

16.     On or about June 1, 2018, NECA and IBEW Local Union 968 entered into an Inside Agreement. (Exhibit A-6). The Inside Agreement required City to make contributions to the Health Fund on behalf of covered employees, and furthermore incorporates by reference the Agreement and Declaration of Trust governing such health fund. (Ex. A-6, Sec. 3.35).  Similar language incorporates the Trust Documents of the other Funds included as Plaintiffs. (Ex. A-6, Secs. 2.12 and 3.35).

17.     On or about November 19, 2010, City, acting through its President, executed a Letter of Assent, designating NECA as its representative for collective bargaining with IBEW Local Unions 466, 596, and 968 with respect to all current and future 4th District Central Regional Agreements. (Exhibit A-7).

18.     On or about January 1, 2018, NECA and IBEW Local Unions 466, 596, and 968 entered into a Central Regional Agreement. (Exhibit A-8). The Central Regional Agreement requires fringe benefit contributions in accordance with the respective local union inside labor agreements. (Exhibit A-8, p.19).

19.     The aforementioned Agreements shall hereinafter be referred to collectively as "the CBAs".

## STATEMENT OF CLAIM

### COUNT I
(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

20.     Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

21.     At all times relevant herein, City was a party to and agreed to abide by the terms of the CBAs. (Ex. A-1 through A-8).

22.     The CBAs incorporate the Health Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Health Fund, to create a Collection Policy. (Exhibit C).

23.     The Collection Policy requires City to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at p.2).

24.     In addition to the Health Fund, the other Plaintiffs have Trust Agreements and Delinquency Procedures providing for the assessment of liquidated damages and interest for delinquent contributions.  According to the CBAs, City is bound by all of Plaintiffs' Trust Agreements and Delinquency Procedures.

25.     For various months during the time period of May 2018 through April 2019, City has failed to submit the required monthly contributions to some and/or all of Plaintiffs.

26.     Under the terms of the CBAs and ERISA § 502(g), 29 U.S.C. § 1132(g), the amounts owed for contributions are immediately due, as well as interest and liquidated damages on said contributions.

27.     City's failure to forward contributions, interest, liquidated damages and other amounts due and owing violates ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

28.     At present, because City has failed to timely submit all of the required monthly reports and contributons, Plaintiffs cannot determine the exact amounts owed for contributions, liquidated damages, and interest. Plaintiffs seek an audit of City's records to allow Plaintiffs to determine the amounts owed.

## COUNT II
(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
(Failure to Pay Contributions)

29.     Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

30.     At all times relevant herein, City was a party to and agreed to abide by the terms of the CBAs. (Ex. A-1 through A-8).

31.     The CBAs incorporate the Health Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Health Fund, to create a Collection Policy. (Exhibit C).

32.     The Collection Policy requires City to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at p.2).

33.     For various months during the time period of May 2018 through April 2019, City has failed to submit the required monthly contributions to some and/or all of Plaintiffs.

34.     City's failure to forward contributions, interest, liquidated damages and other amounts that are due and owing is a breach of the CBAs, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

35.     At present, because City previously failed to timely submit all of the required monthly reports and contributions, Plaintiffs cannot verify the exact amounts owed for contributions, liquidated damages, and interest. Plaintiffs seek an audit of City's records to allow Plaintiffs to determine the amounts owed.

## COUNT III
(ERISA Section 515 – Failure to Pay Liquidated Damages and Interest)

36.     Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

37.     At all times relevant herein, City was a party to and agreed to abide by the terms of the CBAs. (Ex. A-1 through A-8).

38.     The CBAs incorporate the Health Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Health Fund, to create a Collection Policy. (Exhibit C).

39.     The Collection Policy requires City to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at p.2)

40.     The Health Fund assesses liquidated damages and interest for delinquent payments because failure to timely remit contributions jeopardizes the financial stability of the Health Fund and increases the administrative expense of the Fund.

41.     The Collection Policy requires interest to be assessed at the rate of 1% from the first day of the month following the month the contributions were due. Liquidated damages are assessed at the rate of 10% for the first delinquent payment in a twelve (12) month period, 15% for the second delinquent payment in a twelve (12) month period and 20% for the third and all subsequent delinquent payments in a twelve (12) month period. (Ex. C at p.2)

42.     For the months of February 2018 through February 2019, City failed to timely pay contributions to the Health Fund. As a result, City is liable for liquidated damages for the delinquent contributions during those months of not less than $8,368.42. This amount shall be supplemented because City has failed to timely pay contributions due to the Health Fund after February 2019.

43.     For the months of February 2018 through February 2019, City failed to timely pay contributions to the Health Fund. As a result, City is liable for interest on the delinquent contributions during those months of not less than $763.34. This amount shall be supplemented because City has failed to timely pay contributions due to the Health Fund after February 2019.

44.     Despite repeated demand to do so, City has failed and otherwise neglected to make payment to the Health Fund.  Similarly, City has failed to pay assessed liquidated damages and interest to all other Plaintiffs.

45.     Defendant's actions violation ERISA §515, 29 U.S.C. § 1145 and Plaintiffs seek to remedy that violation pursuant to ERISA §502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT IV
(LMRA Section 301 – Breach of Contract)
(Failure to Pay Liquidated Damages and Interest)

46.     Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

47.     At all times relevant herein, City was a party to and agreed to abide by the terms of the CBAs. (Ex. A-1 through A-8).

48.     The CBAs incorporate the Health Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Health Fund, to create a Collection Policy. (Exhibit C).

49.     The Collection Policy requires City to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event

contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at 2.)

50.     The Health Fund assesses liquidated damages and interest for delinquent payments because failure to timely remit contributions jeopardizes the financial stability of the Fund and increases the administrative expense of the Fund.

51.     The Collection Policy requires interest to be assessed at the rate of 1% from the first day of the month following the month the contributions were due. Liquidated damages are assessed at the rate of 10% for the first delinquent payment in a twelve (12) month period, 15% for the second delinquent payment in a twelve (12) month period and 20% for the third and all subsequent delinquent payments in a twelve (12) month period. (Ex. C at p.2)

52.     For the months of March 2017 through January 2018, Defendant failed to timely pay contributions to Plaintiffs. As a result, Defendant is liable for liquidated damages and interest for the delinquent contributions during those months of not less than $13,491.25. Defendant's obligation for this sum is manifested in a Repayment Agreement dated March 30, 2018. (Exhibit D).

53.     For the months of February 2018 through February 2019, City failed to timely pay contributions to the Health Fund. As a result, City is liable for liquidated damages and interest for the delinquent contributions during those months of not less than $8,368.42. This amount shall be supplemented because City has failed to timely pay contributions due to the Health Fund after February 2019.

54.     For the months of February 2018 through February 2019, City failed to timely pay contributions to the Health Fund. As a result, City is liable for interest on the delinquent contributions during those months of not less than $763.34. This amount shall be supplemented because City has failed to timely pay contributions due to the Health Fund after February 2019.

55.     Despite repeated demand to do so, City has failed and otherwise neglected to make payment to the Health Fund.  Similarly, City has failed to pay assessed liquidated damages and interest to all other Plaintiffs.

56.     Defendant's actions are in violation of the CBA and the Repayment Agreement and Plaintiffs seek to remedy that violation pursuant to LMRA §301, 29 U.S.C. § 185.

**COUNT V**
**Order Compelling Payroll Audit**
**ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)**

57.     Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

58.     As a signatory contractor to the CBA, City is obligated to submit hours worked reports and remit contributions to Plaintiffs based upon the number of hours worked by covered employees. (Ex. B and C).

59.     The Trust Agreement is incorporated by reference in the CBAs. (Ex. A-2, A-4, A-6). The Trust Agreement requires that employers remit contributions in accordance with the terms of the applicable CBA. (Ex. B).

60.     Pursuant to the authority granted in the Trust Agreement, the Plaintiffs, as Trustees of the Fund, adopted a Collection Policy. The Collection Policy provides that Plaintiffs may require Defendant to submit to payroll audit. (Ex. C, p.1).

61.     Plaintiffs have no way of verifying, absent an audit, the number of hours worked and wages paid to City's employees from February 1, 2018 to the present. Therefore, Plaintiffs have no way of ascertaining the precise amount owed in delinquent contributions, late fees, and interest for work performed during that time period.

62.     In accordance with the terms of the CBAs and Trust Agreement, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

63.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by 29 U.S.C. § 1132(h).

**WHEREFORE,** Plaintiffs demands the following relief:

A.     An Order requiring Defendant to immediately submit to, and fully comply with, a payroll audit of its books and records from February 2018 to the present;

B.     Judgment on behalf of Plaintiffs against Defendant for all unpaid fringe benefit contributions, as determined from Defendant's monthly reports, or as determined by a payroll audit;

C.     Judgment on behalf of Plaintiffs against Defendant for delinquent and unpaid fringe benefit contributions owed by Defendant to Plaintiff that may accrue while this action is pending;

D.     Judgment on behalf of Plaintiffs against Defendant for liquidated damages and interest for late and/or unpaid contributions, and for future liquidated damages and interest for late and/or unpaid contributions that may accrue while this action is pending, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

E.     Judgment against the Defendant for audit expenses, in accordance with the terms of the Collection Policy;

F.     An award of reasonable attorney fees incurred in connection with this action as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C.§ 1132 (g)(2)(D);

G.     An award of costs of the audit incurred by the Plaintiffs as provided for by the terms of the agreements;

H.      Any other legal or equitable relief which the Court deems just as provided for under

ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. §

1132(a)(3).


                                                **TRUSTEES OF THE 4TH DISTRICT IBEW**
                                                **HEALTH FUND, et al.**
                                                By Counsel,



s/ John F. Dascoli, I.D. #6303
**JOHN F. DASCOLI, PLLC**
2442 Kanawha Boulevard, East
Charleston, West Virginia 25311
(304) 720-8684 Phone
(304) 342-3651 Fax
johnfdascoli@hotmail.com